﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191217-49980
DATE: September 30, 2020

ORDER

Service connection for tinnitus is granted. 

REMANDED

The claim for service connection for tinnitus is remanded.

The claim for service connection for a right knee condition is remanded.

The claim for service connection for a left knee condition is remanded.

FINDING OF FACT

The preponderance of the evidence of record shows that the Veteran’s tinnitus is related to service. 

CONCLUSION OF LAW

The Veteran’s tinnitus was incurred in service. 38 U.S.C. §§ 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service in the U.S. Navy from December 1998 to August 2003. 

In October 2019, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of a September 2019 rating decision based on new and relevant evidence. In December 2019, the agency of original jurisdiction (AOJ) issued the rating decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. Therefore, the Board may only consider the evidence of record at the time of the decision on appeal. The Board considers the matter per the Direct Review Docket, according to which the claim is immediately reviewed by request without time reserved to forward additional evidence.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claims for further development, this additional evidence will be considered by the RO in the adjudication of those claims.

1. The claim for service connection for tinnitus is granted. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2019). If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity for certain diseases. 38 C.F.R. §§ 3.303(a),(b), 3.309(a) (2019); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2019).

In order to establish service connection for the claimed disability, there must be (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See 38 C.F.R. § 3.303 (2019); see also Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 

Alternatively, the nexus requirement may be satisfied by evidence that a chronic disease subject to presumptive service connection manifested itself to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1101, 1112 (2012); 38 C.F.R. §§ 3.307, 3.309(a) (2019). Tinnitus is considered an “organic disease of the nervous system” under 3.309(a). Fountain v. McDonald, 27 Vet. App. 258 (2015). 

The Veteran is competent to state that he has tinnitus. His assertion is also credible. The RO conceded that the Veteran had military noise exposure. Favorable findings in a prior Board decision on an issue on appeal are binding on all AOJ adjudicators as well as on the Board. 38 C.F.R. § 20.801 (2019). The remaining question before the Board is that of nexus. 

In August 2019, the Veteran stated that he experiences reoccurring ringing and buzzing in his ears, and that they have continued since that time. He is competent to report observable symptoms, such as his tinnitus. There is nothing of record to cause the Board to doubt his credibility. His statement is probative evidence in support of his claim. 

The Veteran underwent a VA examination in November 2019. He reported experiencing tinnitus intermittently for the previous 15-20 years, which could place onset during service or within one year of separation from service. This is consistent with his August 2019 statement. The VA examiner found tinnitus less likely than not due to service because there was no significant hearing threshold shifts in service. The examiner conceded noise exposure in service, but then relied on an Institute of Medicine Study to conclude that his tinnitus was not related to service. The examiner did not address the Veteran’s lay contention regarding continuity of symptoms since service. The opinion is therefore inadequate. 

The most probative evidence of record is the Veteran’s August 2019 statement. The preponderance of the probative evidence of record weighs in favor of the claim of service connection for tinnitus. Service connection for tinnitus is therefore granted. 

REASONS FOR REMAND

2. The claim for service connection for a right knee condition is remanded.

3. The claim for service connection for a left knee condition is remanded.

VA must provide a VA medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran’s service or with another service-connected disability, but (4) insufficient competent medical evidence on file for VA to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79, 86 (2006). The threshold for determining whether the evidence “indicates” that there “may” be a nexus between a current disability and an in-service event, injury, or disease is a low one. Id., at 83. 

In his August 2019 statement, the Veteran averred that his knee condition was due to his job as a gunner’s mate. He stated that since his discharge in 2003, he has had knee problems. There has not yet been an examination on whether a present bilateral knee condition is due to service. The Veteran’s lay assertion of persistent symptoms in service meets the low threshold as to what can indicate that a disability is related to service. As this statement was of record at the time of the decision on appeal, the remand is warranted under AMA procedures. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination for the claimed right and left knee conditions. The claims file and a copy of this remand should be provided to the examiner for review. 

It is initially requested that the examiner provide a complete diagnosis of all current right and left knee disorders. Then, the examiner should provide an opinion as to whether the diagnosed conditions are at least as likely as not (50 percent or greater probability) related to an incident of his active duty service.

Although an independent review of the claims file is required, the examiner’s attention is called to the Veteran’s August 2019 statement where he asserts that he has had knee problems since service. 

A complete rationale should be given for any opinions provided. 

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Jason Lyons, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.